United States District Court

For the Northern District of California

1

2

3

4

5                       UNITED STATES DISTRICT COURT

6                      NORTHERN DISTRICT OF CALIFORNIA

7

8   NANCY R. LUALHATI,                      No. C-10-0341 EMC

9           Plaintiff,

10      v.                                  **ORDER GRANTING PLAINTIFF'S
                                            MOTION FOR AN AWARD OF FEES
                                            AND COSTS PURSUANT TO THE
11  MICHAEL J. ASTRUE,                      EQUAL ACCESS TO JUSTICE ACT**

12          Defendant.                      **(Docket No. 23)**
    _____/

13

14

15          An administrative law judge ("ALJ") denied Plaintiff Nancy Lualhati's application for social

16  security disability benefits on March 16, 2009.  This decision became final when Plaintiff's request

17  for review was denied by the Appeals Council on September 2, 2009.  Plaintiff then sought judicial

18  review pursuant to 28 U.S.C. § 405(g).  On July 29, 2010, this Court entered its judgment,

19  remanding the action to the Social Security Administration for further proceedings.  Plaintiff now

20  seeks an award of attorney's fees in the amount of $9,168.60 and costs in the amount of $604.84

21  under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).  The government

22  disputes Plaintiff's entitlement to EAJA fees.  The matter was taken under submission with oral

23  arguments heard on November 24, 2010.  Having considered parties' briefs and accompanying

24  submissions, as well as the entire record of this case, the Court hereby **GRANTS** Plaintiff's motion

25  for attorney's fees and costs.

26  ///

27  ///

28  ///

**United States District Court**
For the Northern District of California

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to the EAJA, a prevailing party in an action in which the United States is a party may recover attorney's fees and costs unless the Court finds that the government's position was substantially justified or that special circumstances exist which would render an award of fees and costs unjust.[1]  *See* 28 U.S.C. § 2412(d)(1)(A).  "[I]t is the government's burden to show that its position was substantially justified."  *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001); *see also Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995).

The government's "position" includes, "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based . . . ."  28 U.S.C. § 2412(d)(2)(D).  That position must be substantially justified at each stage of the proceedings.  *See Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998).  Its position at each stage must have a "reasonable basis in both law and fact" and is "justified to a degree that could satisfy a reasonable person."  *See Pierce v. Underwood*, 487 U.S. 552, 564, 565 (1988); *Johnson v. Gonzalez*, 416 F.3d 205, 210-11 (3d Cir. 2005).

## II.   DISCUSSION

The government contends Plaintiff is not entitled to attorney's fees and costs because its position was substantially justified.  Citing *Carmickle v. Comm., Soc. Sec. Admin.*, 533 F.3d 1155 (9th Cir. 2008), the government first argues that the sole error found in the litigation phase regarding Plaintiff's credibility was harmless.  *Carmickle* held that "so long as there remains substantial evidence supporting the ALJ's conclusion on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion, the error is harmless and does not warrant reversal."  *See Carmickle*, 533 F.3d 1155, 1162 (internal quotation marks omitted).  But *Carmickle* is inapposite at this stage of the proceedings.  The government neglected to raise a harmless error argument in their

---

[1] A party is "prevailing," and eligible for attorneys fees under EAJA, if they win a remand at any stage of the proceedings.  *See Gutierrez*, 274 F.3d at 1257 ("An applicant for disability benefits becomes prevailing party for purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits are ultimately awarded."); *see also Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998) ("In other words, a party is eligible for fees under the EAJA if he wins at any intermediate stage in the proceedings . . . .").  The government does not dispute Plaintiff's status as a prevailing party.

**United States District Court**
For the Northern District of California

1   cross-motion for summary judgment, and cannot reasonably claim that a position never asserted at

2   the merits phase of the litigation was "substantially justified." *Cf. Johnson*, 416 F.3d at 211 (3d Cir.

3   2005) (finding argument that agency-level proceedings were substantially justified to be waived

4   where not raised in the government's response to motion).

5        The government next argues that its position was substantially justified based on the ALJ's

6   analysis of Plaintiff's daily activities.  Citing *Orn v. Astrue*, the government points out that an

7   analysis of the claimant's daily activities may be relevant to credibility in two ways: (1) to contradict

8   the claimant's testimony as to the severity of their disability with their actual ability, and (2) to show

9   that the claimant's activities are transferable to the workplace such that the claimant is still capable

10  of working.  495 F.3d 625, 639 (9th Cir. 2007) ("the two grounds for using daily activities to form

11  the basis of an adverse credibility determination are...[to] contradict [claimant's] other testimony"

12  and "transferability to conclude that claimant's daily activities warrant an adverse credibility

13  determination.").  Here, the ALJ described Plaintiff's activities as being inconsistent with the degree

14  of limitation she had alleged.  A.R. 26.  In support of the ALJ's analysis, the government argued that

15  Plaintiff's activities "are exactly the type of activities the Ninth Circuit holds are inconsistent with

16  complaints of disability."  Def.'s Cross-Mot. at 7 (Docket No. 19).  This position was reiterated in

17  oral arguments before this Court on November 24, 2010.  However, the ALJ referred to daily

18  activities with regard to transferability, not as contradicting Plaintiff's testimony, and concluded that

19  "the claimant's symptoms are not credible to the extent they are inconsistent with the [] residual

20  functioning capacity assessment."  AR 26.[2]  The ALJ continued: "[t]hus the objective medical

21  evidence does not demonstrate abnormalities which would interfere with the claimant's ability to

22  perform the range of work identified above."  *Id.*  By inferring from Plaintiff's daily activities that

23  she could still perform her normal work functions, the ALJ analyzed Plaintiff's apparent capabilities

24  for their transferability to the workplace.  The ALJ did not find that the daily activities internally

25

26        [2] A residual functional capacity assessment is a determination of the claimants ability to
27  work.  "We use our residual functional capacity . . . to determine if you can do your past relevant
     work." 20 C.F.R § 404.1520(e).  "[W]e will compare our residual functional capacity assessment . . .
28  with the physical and mental demands of your past relevant work. . . .  If you can still do this kind of
     work, we will find that you are not disabled."  *Id.* at § 404.1520(f).

United States District Court

For the Northern District of California

1    contradicted the claimant's own factual testimony.  Although the government now argues that

2    Plaintiff's testimony was in fact contradicted by evidence of her daily activities, the Ninth Circuit

3    has held that the government is bound by the ALJ's reasoning.  *See Connett v. Barnhart*, 340 F.3d

4    871, 874 (9th Cir. 2003) (stating "[w]e are constrained to review the reasons the ALJ asserts" and

5    "[i]t was error for the district court to affirm the ALJ's credibility decision based on evidence that

6    the ALJ did not discuss."); *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (stating "we

7    cannot affirm the decision of an agency on a ground that the agency did not invoke in making its

8    decision.").  Also, as noted above, to be substantially justified, the government's decision must be

9    justified at *both* the agency level and in the litigation on appeal.  Because the government relied

10   upon reasoning not adopted by the ALJ, its position was not substantially justified for purposes of

11   the EAJA.  Nor was the agency's position as expressed in the ALJ's decision substantially justified

12   in finding the claimant's activities were transferable to the workplace because the ALJ did not, as

13   this Court noted in ordering the remand, find Ms. Lualhati engaged in those activities for a

14   substantial part of her day as *Orn* requires under the second test.  *See* Docket No. 21 at p. 16.

15         Plaintiff requests an award, payable to her attorney, of $174.64 per hour for 45.75 hours of

16   work on this case (plus additional time for preparation of the reply brief).  The requested rate

17   exceeds the EAJA's prescribed hourly maximum $125 per hour, but amounts to the current

18   maximum permissible rate as adjusted for inflation/cost-of-living increases.  28 U.S.C. §

19   2412(d)(2)(A); Ninth Cir. Rule 39-1.6; *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir.

20   2005); *Sorenson v. Mink*, 239 F.3d 1140, 1147-48 (9th Cir. 2001).  Plaintiff also requests an award

21   of $604.84 in costs.  Based on the time that the work was performed, the favorable result obtained,

22   the absence of a challenge to the amounts requested, and the declaration of Plaintiff's counsel (Doc.

23   Nos. 24, 30), the Court finds Plaintiff's requested award to be reasonable.  *See Hensley v.*

24   *Eckerhart*, 461 U.S. 424, 429-30 (1983) (discussing factors relevant to consideration of requested

25   award).  Subject to a determination that Plaintiff is not subject to an offset for a federal debt, the

26   Court will direct payment to Plaintiff's counsel, as the government has dropped, by stipulation (Doc.

27   No. 28), its request that any award to be paid to Ms. Lualhati as the prevailing party based on *Astrue*

28   *v. Ratcliff*, 130 S. Ct. 2521, 2010 WL 23447 (June 14, 2010).

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.   <u>CONCLUSION</u>

The Government has failed to meet its burden of establishing that its position was substantially justified.  Accordingly, Plaintiff's motion for attorney's fees is **GRANTED** in the amount requested.  The Court hereby orders payment of **$9,773.24** ($9,168.60 in fees plus $604.84 in costs) to Plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  The award shall be made payable to Plaintiff, unless the Department of the Treasury determines that she does not owe a federal debt.  If no debt is owed, the government shall instead direct payment to Barbara M. Rizzo, pursuant to the assignment executed by Plaintiff.  Any payment shall be delivered to Plaintiff's counsel.

This order disposes of Docket No. 23.

IT IS SO ORDERED.

Dated:  January 7, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge